DENNIS, Judge.
This appeal presents a question of fact. Did the trial court abuse its discretion by refusing to reduce the amount of child support previously established in a judgment of separation from bed and board ?
The parties were judicially separated by a judgment dated September 21, 1973, in which Mrs. Cooper was awarded custody of their three minor children, $250 per month child support, and $25 per month alimony. The judgment expressly provided that the alimony decree was based on evidence that Mrs. Cooper worked two days a week for wages of $2.50 per hour.
In August, 1974, Mrs. Cooper and her children moved to Florida, where she obtained full time employment in a large grocery store at a salary of about $125 per week. Several weeks later she filed a rule to show cause why Mr. Cooper should not be held in contempt of court for failure to pay child support and alimony as ordered. Mr. Cooper responded by filing a rule to show cause why the child support should not be reduced and the alimony terminated. After a hearing on Oct. 17, 1974, the trial court terminated the alimony but refused to reduce the child support award or to hold Mr. Cooper in contempt.
Mr. Cooper appealed contending that changes in the parties’ circumstances justified a reduction of the child support award as well as termination of alimony for his wife. Mrs. Cooper did not appeal or answer Mr. Cooper’s appeal.
There is no evidence of a change in the needs of the children or in Mr. Cooper’s income since the September 21, 1973 judgment establishing the child support payments. However, appellant argues that the substantial increase in Mrs. Cooper’s income required a reduction of the child support because she also owes an obligation to support the children. If there had been no other evidence to support the decision below, perhaps we would agree. But Mrs. Cooper testified without contradiction that she was forced to move from Louisiana to Florida in order to obtain full time employment because the support and alimony payments were not sufficient to" provide sustenance for her and the children. She also testified that she and the children *473 could no longer receive the medical benefits to which they were entitled previously as dependents of an air force retiree. Mr. Cooper testified that he was financially unable to pay any more than the amounts originally ordered by the court. All of the evidence indicates that the separation judgment fixed a small alimony award for Mrs. Cooper in deference to Mr. Cooper’s lack of income and that it did not reflect the full extent of her need for financial assistance.
The trial judge, in a colloquy with one of counsel, indicated his view that the basic needs of Mrs. Cooper and the children were at least equal to the aggregate of Mrs. Cooper’s salary and the child support award. Therefore, he reasoned, the increase in Mrs. Cooper’s income, although substantial, would not provide any excess money which could be used to grant Mr. Cooper any relief from his obligation to support the children. We find no error or abuse of discretion in the trial judge’s determination.
The judgment of the district court is affirmed at the cost of the appellant.
Affirmed.